United States District Court
Southern District of Texas
**ENTERED**
October 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ILIANY OSLIDIA DURAN OROZCO, | § | CIVIL ACTION NUMBER 4:26-cv-07933 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARTIN FRINK, *et al*, | § | |
| Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Iliany Oslidia Duran Orozco filed a petition for writ of *habeas corpus* under 28 USC §2241 on September 18, 2026. Dkt 1. She proceeds here *pro se*. She acknowledges illegal entry at a prior date but nonetheless asserts that her current detention violates the Due Process Clause of the Fifth Amendment. Id at 4–5.

She alleges that she (i) entered the United States in March 2024, (ii) was released to parole, (iii) was later granted a work authorization, (iv) has a pending application under the Cuban Adjustment Act, (v) was arrested in April 2026 in connection with a cash withdrawal, but she hasn't been convicted, (vi) was detained in August 2026, and (vii) hasn't been provided a bond hearing. Id at 1–4. She maintains that she presents no risk of flight or danger to the community and that her detention is unrelated to any legitimate purpose, thus violating due process. Id at 5–6.

Pending is a motion by the Government for summary judgment. Dkt 6. It contends that (i) Petitioner is inadmissible under 8 USC §1182(a)(7)(A)(i)(I), (ii) she was paroled on March 15, 2024, for a period of two years, (iii) her parole was never extended and so expired in March

2026, (iv) she was arrested on April 23, 2026, and charged with money laundering, (v) the criminal charge remains pending, and (vi) removal proceedings are ongoing. Id at 2–3. Also submitted are exhibits establishing Petitioner's inadmissibility upon arrival and her pending criminal charge. Dkts 6-1 through 6-5. The Government maintains that she is properly detained under 8 USC §1225(b)(2)(A) and requests that her petition be denied. Dkt 6 at 4–12.

Petitioner responded to the motion with no additional facts or authority. Dkt 7.

The Fifth Circuit has issued a controlling decision with respect to detention under §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08; accord *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex) (as to §1225(b)(2)(A)). Such determination forecloses statutory arguments under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context.

The Fifth Circuit has also issued a separate *en banc* decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 3181188 (5th Cir, *en banc*). With reference to detention pending conclusion of removal proceedings for aliens who have never been admitted, the decision holds that neither procedural nor substantive due process requires hearings or other process beyond those provided by Congress. Id at *5–6, 9–10. As to that category of aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." Id at *5, quoting *DHS v Thuraissigiam*, 591 US 103, 138 (2020) (emphasis in original); accord *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex) (as to procedural due process). The Fifth Circuit also flatly stated, "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." Id at *11.

And in broader context, it further observed, “So long as an alien’s detention pending removal ‘ha[s] a definite termination point’—removal or release—his or her continued confinement without bond hearing does not offend due process.” Id at *13, quoting *Banyee v Garland*, 115 F4th 928, 933–34 (8th Cir 2024); see also *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex) (as to substantive due process).

Such decisions resolve any claims in the petition as to the INA and the Due Process Clause. It thus appears that the only exception with respect to due process that might now apply is that articulated in *Zadvydas v Davis*, 533 US 678 (2001), with respect to post-removal-order detention and the presumptively constitutional six-month period. But Petitioner here is not yet subject to a final order of removal.

Beyond that, the undersigned has now ruled on over 450 petitions for writ of *habeas corpus* since challenges in this context began in earnest in September 2025. This includes decisions on the following issues pertinent to the subject petition:

- *Matos Carmenaty v Frink*, 4:26-cv-01614 (SD Tex, May 27, 2026): Holding that failure by the Government to re-apprehend a paroled alien after expiration of parole has no bearing on later detention under §1225(b), nor does prior issuance of employment authorization or the filing of a status adjustment application.
- *Moreno Sanchez v Smith*, 2025 WL 3687914 (SD Tex): Holding that claims relying on prior status as a parolee fail because the decision to revoke parole is jurisdictionally barred and, regardless, returns a petitioner to status as an arriving alien subject to mandatory detention under §1225(b)(1).

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above. The

petition will thus be dismissed with prejudice on the basis presently submitted.

* * *

Many petitioners for writ of *habeas corpus* in this context present sympathetic personal and family circumstances. Even so, application of §1225(b)(2)(A) comports with due process and supports the position of the Government as to mandatory detention. Inquiry beyond that, as to whether such position is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply isn't the remit of an Article III court. It is instead the subject of legislation and the result of elections, both of which have consequences. See *Montoya Cabanas*, 2025 WL 3171331 at *6.

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Iliany Oslidia Duran Orozco is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

All pending motions are DENIED AS MOOT.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on October 26, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge